UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SILVIANA PENTA,                               :
                                              :
                          Plaintiff,          :
                                              :                    **ORDER**
              -against-                       :
                                              :          14 Civ. 3587 (DLI) (VMS)
COSTCO WHOLESALE CORPORATION,                 :
THE PROCTER & GAMBLE                          :
MANUFACTURING COMPANY, THE                    :
PROCTER & GAMBLE DISTRIBUTING                 :
COMPANY AND PROCTER & GAMBLE                  :
PRODUCTIONS, INC.,                            :
                                              :
                          Defendants.         :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Silviana Penta ("Plaintiff") brought this action against Defendants Costco

Wholesale Corporation, The Procter & Gamble Manufacturing Company, The Procter & Gamble

Distributing Company and Procter & Gamble Productions, Inc. (collectively "Defendants"),

alleging various claims of negligence, breach of warranty and strict product liability arising out

of injuries that were allegedly caused by a faulty "Swiffer Dust Wand" product that Defendants

allegedly manufactured, distributed and sold.  See generally Amended Compl., ECF No. 14.

After extensive discovery, this Court held a settlement conference during which the parties

agreed to settle the case.  See 10/14/2015 Order, ECF No. 47.  The case was dismissed as to

Plaintiff on December 3, 2015.  See 12/3/2015 Order.

The only remaining issue in this case is Defendants' motion for sanctions for alleged

intentional discovery delays caused by Plaintiff's attorney Edward Lehman ("Mr. Lehman"), and

the law firm representing Plaintiff, Sacco & Fillas, LLP ("Sacco").  See Mot. for Sanctions

("First Mot."), ECF No. 39; Supplement to Mot. for Sanctions ("Spplmt. Mot."), ECF No. 50.

For the reasons stated herein, Defendants' motion is granted in part and denied in part, and

Defendants are awarded $5,390.00 in attorneys' fees to be paid by Sacco within fifteen (15) days

of the date of this Order.

## I.     Background

Defendants request in their motion for sanctions that the Court award attorneys' fees

against Mr. Lehman and Sacco for the discovery delays and late disclosures that allegedly

required Defendants to file motions to compel discovery and incur unnecessary costs and

expenses.  See First Mot. at 1-2; Supplmtl. Mot. at 2.  Several of these issues arise from Mr.

Lehman's conduct, who was an attorney at Sacco.  Mr. Lehman litigated the case on behalf of

Plaintiff until it was discovered that he was not admitted to practice before the Eastern District of

New York.  In their motion, Defendants seek sanctions under 28 U.S.C. § 1927 and Federal

Rules of Civil Procedure 11 and 26.  See First Mot.; Invoices attached as Exhibit C to Spplmt.

Mot.  Defendants do not specify for which exact delays they seek attorneys' fees, but instead,

they submit invoices for reimbursement for most of their attorney hours expended from October

14, 2014 to June 30, 2015.  First Mot. at 2.  Defendants take the position that they should be

reimbursed for all demands for discovery, letter filings, expert disclosures, stipulated protective

orders, appearances for conferences and depositions by Mr. Lehman as he was unauthorized to

practice before the Eastern District of New York during the relevant time period.  Id.  In their

supplement to the motion, Defendants request attorneys' fees pursuant to Federal Rule of Civil

Procedure 37(c) in connection with Plaintiff's failure to disclose her prior medical treatment in a

timely manner.  Spplmt. Mot. at 1-2.  Defendants also argue that Plaintiff was five months late in

providing Defendants with her signed medical releases needed for Defendants to request her

prior medical records.  Id. at 1.  The Court ordered that Plaintiff provide Defendants with those

releases by March 3, 2015, but Defendants did not receive them until July 24, 2015.  See

2/24/2015 Order; Spplmt. Mot. at 1.  Defendants also did not receive information about

Plaintiff's prior medical records until July 8, 2015.  Spplmt. Mot. at 1.  Defendants also seek fees

in connection with bringing the motion for sanctions.  Spplmt. Mot. at 2.  Defendants submit

their invoices from July 1, 2015 to November 10, 2015 in connection with this request.  See

Invoices attached as Exhibit D to Spplmt. Mot.  In total, Defendants request $19,704.00 in

attorneys' fees: $7,938.00 from the first motion and $11,946.00 from the second motion.  See

Spplmt. Mot. at 2-3.

Plaintiff opposes the motion arguing that: 1) Defendants have not met their burden for

requesting attorneys' fees under 28 U.S.C. § 1927 as they have not shown Plaintiff's attorney

acted without color and in bad faith; 2) Defendants committed plagiarism in their first motion; 3)

Defendants request excessive and redundant fees; 4) Defendants have not made a showing that

Plaintiff's actions require Rule 11 sanctions; 5) Defendants cannot seek attorneys' fees against

the law firm under Rule 26; and 6) Defendants request reimbursement for hours of work that

they would have done regardless of the discovery delays.  See Opp'n to Defs.' First Mot. ("First

Opp'n"), ECF No. 42; Opp'n to Defs.' Second Mot. ("Second Opp'n"), ECF No. 52.

On review of Defendants' motion, the Court determined that Defendants' request for

sanctions for discovery-related issues are more appropriately addressed under Federal Rule of

Civil Procedure 37.  The Court then gave Sacco notice and an opportunity to be heard on

whether sanctions were appropriate under Rule 37.  See 3/22/2016 Order.  In a letter to the Court

and also during a telephone conference, Sacco argued that the Court should not award sanctions

under Rule 37.  Sacco argued that the remedial measures that it took by terminating Mr.

Lehman's employment and adopting new protocols at the firm should be considered by the Court

in its decision; that it should not be sanctioned for its objection to duplicative inspections of the

Swiffer; and that Defendants failed to comply with the certification requirement under Rule

37(d)(1)(B).[1]

## II.    Analysis

### a.  Defendants' Motion for Sanctions

As discussed above, Defendants made their first motion for attorneys' fees pursuant to 28

U.S.C. § 1927, Rule 11 and Rule 26.  After reviewing Defendants' submissions, the Court finds

that Rule 37 is the more appropriate rule for awarding Defendants fees for the issues raised in

their motion.  Defendants request attorneys' fees for alleged delay and unnecessary costs related

to Plaintiff's attorney's conduct throughout discovery, which the Court will consider pursuant to

Rule 37 instead of under Rules 11 and 26, and Section 1927.  Fed. R. Civ. P. 37; see Kiobel v.

Millson, 592 F.3d 78, 86-88 (2d Cir. 2010).

Rule 11 does not permit the Court to impose sanctions for discovery abuses.  See Kiobel,

592 F.3d at 86 ("[i]n 1993 . . . Rule 11 was amended to exclude sanctions arising from discovery

disputes").  An award of sanctions pursuant to 28 U.S.C. § 1927 requires both "clear evidence

that (1) the offending party's claims were entirely meritless and (2) the party acted for improper

purposes."  Chong v. Kwo Shin Chang, 599 F. App'x 18, 20 (2d Cir. 2015) (internal quotations

omitted).  The Court, being very familiar with the discovery disputes in this case, finds that

Plaintiff's attorney's actions arose more from ineptitude than any improper purpose to inhibit

---

[1] Sacco also argued that "while a Rule 37 motion is considered non-dispositive . . . given the post-litigation posture of the case, it may now be more akin to a post-judgment motion for legal fees which is considered dispositive."  The Court finds this argument unavailing as Defendants made the motion on July 31, 2015 during the discovery phase of the action.  Additionally, the attorneys' fees are related to Plaintiff's counsel's actions during the discovery process, and they are not connected to the judgment or settlement between the parties.

4

Defendants from effectively defending themselves in this action. Thus, sanctions under Section

1927 are not warranted.

Although a Court may award sanctions under Rule 26(g) if a party improperly certifies

disclosures and discovery, requests, responses and objections, the Court finds no evidence of that

conduct here. Fed. R. Civ. P. 26(g)(3). Rule 26(g) requires that an attorney certify by affixing

his signature that the discovery disclosure is true and complete, or in the case of discovery

requests, responses and objections, that it is not frivolous, improper, unreasonable, unduly

burdensome or expensive. Fed. R. Civ. P. 26(g). Attorney Lehman did sign discovery responses

and requests, but these did not violate Rule 26 as Defendants did not present evidence, nor did

they argue, that they were improper, frivolous, unreasonable, unduly burdensome or expensive.

It is also not a relevant to this analysis that Mr. Lehman was not admitted to practice before this

Court, as a violation of a local rule is not contemplated under Rule 26.[2]  Instead, Rule 26 seeks to

ensure the veracity and reasonableness of the requests and responses. Therefore, the Court

declines to award attorneys' fees under Rule 11 and 26, and Section 1927, and awards certain

attorneys' fees under Rule 37 instead.

Under Rule 37(d)(3), if a party fails to attend its own deposition, respond to

interrogatories or respond to requests for inspection, the court may "require the party failing to

---

[2] The Court considered referring Mr. Lehman to the disciplinary committee because he was not admitted to practice before the Eastern District of New York. In some instances, a violation of the local admission rules has led to a referral to a disciplinary committee. Compare In re Brown, 511 B.R. 843, 854 (Bankr. S.D. Tex. 2014) (referring attorney who appeared without being admitted before the local court to New York State Bar disciplinary committee), with Man Wei Shiu v. New Peking Taste Inc., No. 11 Civ.1175 (NGG) (RLM), 2013 WL 2351370, at *5 (E.D.N.Y. May 28, 2013), aff'd, 559 F. App'x 105 (2d Cir. 2014) (declining to refer attorney to disciplinary committee who appeared in cases even though she was not admitted to practice in the Eastern District of New York). Yet, as Mr. Lehman is no longer practicing before the Court and is no longer employed at Sacco, it will not take this step here.

act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(d)(3). "The disobedient party has the burden of 'showing that his failure is justified or that special circumstances make an award of expenses unjust.'" Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P., 274 F.R.D. 115, 117 (S.D.N.Y. 2011) (quoting Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008)). Under Rule 37(a)(5)(A), when a party provides discovery in response to a motion to compel discovery, the Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A), unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Defendants cite Rule 37(c) in their supplement to the first motion, which states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information . . . at a hearing, or at a trial, unless the failure was substantially justified or harmless . . . . [I]nstead of this sanction, the court on motion and after giving a reasonable opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1). Defendants seek attorneys' fees under this rule for Plaintiff's failure to provide her prior medical treatment and the signed medical releases for Defendants to obtain her medical records.

After a review of the record, Defendants' submissions and Plaintiff's responses, the Court will award Defendants attorneys' fees for the two depositions that Plaintiff failed to attend; the February 24, 2015 discovery conference during which Defendants raised many discovery issues

6

regarding Plaintiff's failure to conduct discovery that required the Court to issue a very strict discovery schedule; the disputes surrounding the producing and deposing of Plaintiff's expert witness; Plaintiff's failure to attend the June 24, 2015 medical examination; and the July 15, 2015 Court conference that required the Court and the parties to update the discovery schedule once again.

Under Rule 37(d)(3), the Court is permitted to award Defendants attorneys' fees for the two depositions that Plaintiff failed to attend as Plaintiff made no argument that there were justifications or special circumstances that would make an award of expenses unjust. The Court previously ordered Plaintiff to pay the costs associated with these depositions, see 2/24/2015 Order, and now it orders Plaintiff to pay the attorneys' fees, as well.

With regard to the other discovery disputes for which the Court will award fees, although there is a certain amount of back and forth between the parties during the discovery phase that is inherent in an adversarial justice system, the Court finds that Mr. Lehman's conduct was deficient with regard to complying with the Federal and Court's Rules. Plaintiff's attorney failed to respond to Defendants' discovery demands, failed to produce Plaintiff for a medical examination and refused to coordinate expert disclosures and the deposition of Plaintiff's expert. These discovery deficiencies began very early on in the case, and on January 21, 2015, the Court first informed Plaintiff's counsel that it would award sanctions if Plaintiff failed to comply with the Court's discovery orders. The Court was then required to intervene and address the following:

- On February 24, 2015, the Court held a two-hour-long conference during which it revised its previously issued discovery schedule to address Plaintiff's failure to adhere to the discovery schedule. 2/24/2015 Order.

- On March 25, 2015, the parties deposed Defendants' witness, Corey DeRossett. Without any basis in law, Plaintiff objected to having a representative from Proctor & Gamble in the deposition with the witness. The Court issued a decision permitting the representative to attend the deposition.

- On June 8, 2015, the Court held a conference during which it ordered Plaintiff to produce Plaintiff's expert's file and her expert for a deposition. 6/8/2015 Order. The Court permitted Defendants to request sanctions for Plaintiff's failure to timely schedule her expert's deposition. Id.

- On June 26, 2015, after Defendants notified the Court that Plaintiff failed to attend her medical examination, the Court issued an Order directing Plaintiff to reschedule the examination and to file a status report letter explaining Plaintiff's failure to attend the deposition. 6/26/2015 Order.

- On July 15, 2015, after the Court issued an Order directing that a senior representative from Sacco appear, the Court held a conference which required the Court and Defendants to again review and update the discovery schedule. 7/8/2015 Order; 7/15/2015 Order.

Attorneys' fees for these discovery-related disputes are appropriate under Rule 37(a)(5)(A), as Defendants' letters and motions to the Court, filed after good-faith attempts to obtain the discovery,[3] resulted in the Court compelling Plaintiff to produce discovery, and Plaintiff did not

---

[3] As noted above, Plaintiff contests the sanctions motion on the ground that Defendants failed to comply with the certification requirements of Rule 37(d)(1)(B). Plaintiff objected that Defendants' motion did not contain a certification with its paper submissions, and Plaintiff also objected to the Court permitting a nunc pro tunc verbal certification on the record during the March 24, 2016 telephone conference.

Rule 37(d)(1)(B) states that "[a] motion for sanctions for failing to answer or respond

provide a substantially justified reason for the delay or any other reason that would make the awarding of these fees unjust. See Walker v. Carter, 12 Civ. 5384 (ALC) (RLE), 2015 WL 9450843, at *3 (S.D.N.Y. Dec. 23, 2015) (awarding attorneys' fees under Rule 37(a) where the party was required to request court intervention on discovery matters three times over a six-to-eight month period); S.E.C. v. Yorkville Advisors, LLC, No. 12 Civ. 7728 (GBD) (HBP), 2015 WL 855796, at *1-2 (S.D.N.Y. Feb. 27, 2015) (awarding attorneys' fees under Rule 37(a) after party produced discovery in response to a motion to compel). An award of fees for the July 15, 2015 conference is also appropriate because the Court ordered the conference after Plaintiff's counsel failed to follow Court orders directing him to participate in the discovery process. The conference was spent reviewing the remaining discovery issues and ordering a new discovery schedule due to Plaintiff's counsel's delays.

On the other hand, the Court will not award Defendants attorneys' fees for the fees sought under Rule 37(c), or for the entire amount requested for the other discovery delays.

---

must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Rule 37(a) has the same certification requirement. See Fed. R. Civ. P. 37(a)(1). The Court finds that Defendants complied with the certification requirement on several occasions. Defendants' counsel sufficiently certified their good-faith attempts to work with Plaintiff's counsel in their sanctions motion and submissions to the Court. See 7/24/2015 Letter ("Following the conference, defense counsel in good faith contact plaintiff's counsel to discuss the consequences of Mr. Lehman's actions and the likelihood of this motion"); First Mot. at 1 ("Following the conference, defense counsel in good faith contact plaintiff's counsel to discuss the consequences of Mr. Lehman's actions and the likelihood of this motion"); 10/30/2015 Letter ("Defendants have made numerous good faith attempts since both the [c]onference of October 1st and the Settlement Conference of October 14th to resolve the surrounding issue of sanctions, to no avail"). Defendants also certified their good-faith efforts verbally in the many conferences that were held before the Court and, most recently, during the March 24, 2016 telephone conference. The Court is aware of Defendants' many good faith attempts to resolve the discovery issues as the Court was extensively involved in the discovery process. Thus, the Court finds this objection unfounded as Defendants have been documenting their good faith efforts before the Court throughout this action.

Although Plaintiff did not provide the Court with any substantially justifiable reason for the discovery delays in producing her prior medical treatment, the Court is unable to deduce, from the invoices Defendants provided, which fees were directly incurred because of Plaintiff's delay. See Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F. Supp. 3d 290, 310 (E.D.N.Y. 2015) ("[i]n addition to eliminating unnecessary hours, courts may reduce the number of hours when presented with time entries that [ ] lack sufficient specificity to permit reasoned review"); see also TufAmerica Inc. v. Diamond, 12 Civ. 3529 (AJN), 2016 WL 1029553, at *3 (S.D.N.Y. Mar. 9, 2016) ("To receive attorneys' fees, a party 'must document [its] application with contemporaneous time records . . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.'" (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983))). Additionally, the Court will not reimburse Defendants for attorneys' fees that would have been incurred in the normal course of discovery, such as the fees associated with obtaining Plaintiff's medical records or fees associated with reviewing other discovery and strategizing about the case. See Learning Care Grp., Inc. v. Armetta, 13 Civ. 1540 (VAB), 2015 WL 5194082, at *3 (D. Conn. Sept. 2, 2015) (awarding only those attorneys' fees sought in connection with the motion to compel and not other requested amounts); Yorkville Advisors, 2015 WL 855796, at *11 (declining to award fees connected with hours spent reviewing discovery responses as those costs would have been incurred regardless of the deficiencies in the discovery response); Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc., 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (plaintiff was not reimbursed for fees that "would have been incurred in the course of normal discovery").

The Court also finds that the attorneys' fees should be paid by Sacco and not by Mr. Lehman. A named partner from the firm, Tonino Sacco ("Mr. Sacco"), received the electronic

notifications about the case and, as Mr. Lehman was an employee of the firm, the firm bears responsibility for Mr. Lehman's actions. Mr. Sacco was the first attorney to file a notice of appearance in this case on June 18, 2014, eight days after the complaint was filed. Thus, he was receiving electronic notifications from the Court for every filing as of June 18, 2014, including Defendants' letters raising discovery disputes and the Court's resulting orders. After the Court issued an Order to Show Cause on July 8, 2015 directing that a senior representative from Sacco appear for the next Court conference, Mr. Sacco filed a letter with the Court confirming that the law firm had been receiving the electronic notifications in this action. 6/16/2015 Letter, ECF No. 29.

The Court began warning Plaintiff's counsel of the possibility of sanctions in its electronic orders as early as February 24, 2015. The Court finds sanctions against the firm warranted in light of these circumstances, as the firm and one of its principals were aware (or should have been aware) of their employee's actions and Defendants' and the Court's concerns, and yet the firm failed to intervene until the Court ordered that another attorney from Sacco appear in this action. Awarding fees against the firm is also fair in this contingency action because it was the firm, not the individual attorney, who stood to gain from any progress and the affirmative resolution of this case by settlement via its contingency-fee arrangement with Plaintiff. The firm must bear the cost of discovery failures in this case. Moreover, awarding Rule 37 sanctions against a law firm, even where the acts were committed by one attorney, is within the Court's discretion. See Mikhlyn v. Bove, 08 Civ. 367 (ARR) (RER), 2011 WL 4529613, at *2 (E.D.N.Y. Sept. 28, 2011) (adopting report and recommendations directing law firm to pay Rule 37 sanctions for conduct of one attorney); Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 284 (E.D.N.Y. 2009) (adopting report and recommendations where attorneys' fees

were awarded against law firm under Rule 37).

Sacco asks the Court not to sanction it because of the remedial steps it took in terminating Mr. Lehman and in adopting a protocol to avoid the situation where its attorneys are practicing before courts unadmitted. The Court considered this remedial step in its decision not to refer Mr. Lehman to the Disciplinary Committee, and commends the firm on its action with regard to preventing future errors, but finds that attorneys' fees are appropriate for past conduct. The attorneys' fees are awarded to address the harm and expense Plaintiff's counsel caused Defendants, a harm which can only be addressed through reimbursement of its unnecessarily incurred fees as Defendants do not benefit from these remedial steps.

### b. Attorneys' Fees Calculation

Having granted attorneys' fees for the discovery issues discussed above, the Court must calculate the amount owed to Defendants. The prevailing method for determining a fee award is the lodestar method, by which the court multiplies a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551 (2010). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 559 U.S. at 552. The calculation of a reasonable fee is within the district court's discretion. See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); Jones v. Amalgamated Warbasse Houses, Inc., 721 F.2d 881, 885 (2d Cir. 1983); Carey, 711 F.2d at 1147.

### 1.  The Reasonable Hourly Rate For Defendants' Attorney

Defendants' attorney seeks an hourly rate of $275.[4]  See First Mot. at 3.  In the Second

Circuit, "[t]he reasonable hourly rate is the rate a paying client would be willing to pay . . . .

bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to

litigate the case effectively."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of

Albany, 522 F.3d 182, 190 (2d Cir. 2007).  In making this determination, courts should consider

the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the level of skill required to perform the legal
> service properly; (4) the preclusion of employment by the attorney
> due to acceptance of the case; (5) the attorneys' customary hourly
> rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the
> amount involved in the case and the results obtained; (9) the
> experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client, and (12) awards in similar
> cases.

---

[4] Defendants sought fees for two partners and one paralegal at the hourly rates of $275 and $125, respectively, and the invoices submitted with the motion reflect that three individuals worked on this action.  Yet, Defendants failed to provide the names or experience of the additional partner and the paralegal who worked on this action but did not appear before the Court, information which is typically provided in attorneys' fees requests.  As discussed above, Defendants bear the burden of proving that the requested hours and fees are reasonable.  Without this information, the Court is unable to determine whether the requested hourly rate is appropriate for the level of experience of the other partner who worked on this action.  Defendants also did not indicate in its invoices whether the work was performed by a partner or a paralegal.  As the Court is familiar with attorney Karen Saab-Dominguez and her level of experience from her several appearances before the Court, the Court is able to make a determination as to her requested hourly rate, but it will award her fees only and will not award fees for the unidentified partner and paralegal.  See 178 E. 80th St. Owners, Inc. v. Jenkins, 00 Civ. 5959 (RCC) (FM), 2003 WL 22999461, at *3 (S.D.N.Y. Dec. 22, 2003), aff'd, 158 F. App'x 355 (2d Cir. 2005) (declining to award attorneys' fees where the Court was not provided with the attorneys' names or credentials); Maywalt v. Parker & Parsley Petroleum Co., 864 F. Supp. 1422, 1434 (S.D.N.Y. 1994), aff'd, 67 F.3d 1072 (2d Cir. 1995) (declining to award attorneys' fees for unidentified attorneys where only initials were provided on time reports).

Id. at 186 n.3, 190 (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).  This calculus is locality-sensitive; in order to determine a reasonable hourly rate the court must look to "the prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895 (1984); see Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (stating that the court must use current, prevailing rates for that court's district); Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 214 (E.D.N.Y. 2006) (recognizing that "the law of this circuit" is to "use[] current rates in the lodestar"), aff'd, 531 F.3d 127 (2d Cir. 2008).

"Reasonable hourly rates in the Eastern District of New York are 'approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.'"  Medina v. Donaldson, 10 Civ. 5922 (VMS), 2015 WL 77430, at *6 (E.D.N.Y. Jan. 6, 2015) (quoting Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012)); see D'Annunzio v. Ayken, Inc., 11 Civ. 3303 (WFK) (WDW), 2015 WL 5308094, at *4-5 (E.D.N.Y. Sept. 10, 2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals."); U.S. Bank, N.A. v. Byrd, 854 F. Supp. 2d 278, 286 (E.D.N.Y. 2012) ("In the Eastern District of New York, hourly rates range from approximately $300 to 400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates.").

As stated above Defendants' attorney requests an hourly rate of $275, which the Court deems reasonable in light of Defendants' experience and the reasonable hourly rates in this District.  Defendants' attorney is a partner at her law firm, and partner rates are usually $300–

$400 in the Eastern District of New York. Thus, her rate is below the usual rates awarded for partners in this District.

## 2. Reasonable Number of Hours Expended

A party seeking attorney's fees must substantiate its requested number of hours expended through contemporaneous time records. See Hensley, 461 U.S. at 437-38, 438 n.13; U.S. Bank, N.A., 854 F. Supp. 2d at 287 (listing cases). "[E]xcessive, redundant, or otherwise unnecessary" hours will not be compensated. Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley, 461 U.S. at 434). The Second Circuit has "recognized the authority of district courts 'to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.'" Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010) (quoting In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987)).

Here, Defendants' attorney submitted contemporaneous time records that provide the Court with a sufficient basis to evaluate whether the hours requested by Defendants' attorney are reasonable. The Court, after a review of the requested hours, and in light of its determination above to only award Defendants attorneys' fees some of the discovery disputes, will award attorneys' fees for the following:

| Date | Counsel's Description in Invoices | Time |
|------|-----------------------------------|------|
| 1/21/2015 | Discussing court orders, outstanding discovery and factual underpinning with counsel covering court mandated conference | .4 |
| 1/21/2015 | Appearing for court mandated discovery conference resulting in order compelling responses to discovery demands and possible dismissal | .6 |
| 2/23/2015 | Appear for deposition of plaintiff scheduled for 11am then again for 2 pm resulting in bust | 3.4 |
| 2/23/2015 | Analyzing court rules, rule 12, rule 26a, disclosures, court orders and discovery responses in preparation of conference with Judge Scanlon | .8 |

| | | |
|---|---|---|
| 2/24/2015 | Appearing for in person conference with Magistrate Vera Scanlon resulting in order | 3[5] |
| 3/25/2015 | Deposition of Corey DeRossett where Plaintiff's attorney moved to preclude Lisa Leffer frim Proctor & Gamble from attending the deposition. The Court denied the motion. | 1.3 |
| 6/3/2015 | Preparing draft letter to court re plaintiff's failure to comply with court's order re expert discovery | .2 |
| 6/4/2015 | Analyzing plaintiff's correspondence re availability of Stan Fein in East Hampton | .2 |
| 6/5/2015 | Discussing plaintiff's failure to coordinate a reasonable time and location for Stan Fein's deposition with Lisa Leffler | .3 |
| 6/8/2015 | Analyze correspondence from plaintiff's attorney inclusive of plaintiff's expert, Stanley Fein, PE's, file pertaining to his inspection of the instrumentality and report pertaining to same in preparation of expert testimony | .2 |
| 6/8/2014 | Participating in Court mandated telephone conference resulting in order to file joint letter | .4 |
| 6/11/2015 | Communication with Edward Lehman and Tony Sacco re court's order and joint letter | .2 |
| 6/15/2015 | Discussion with Edward Lehman re joint letter and resulting in refusal to file joint letter | .4 |
| 6/22/2015 | Revisions to letter to Court re discovery dispute | .3 |
| 7/15/2015 | Analyzing previous disclosures exchanged together with disclosures received July 13 in preparation of conference; analyzing court docket activity and court orders in preparation of court mandated conference | 1.4 |
| **TOTAL** | | **13.1** |

Therefore, the Court awards Defendants' 13.1 hours of attorney Karen Saab-

Dominguez's time at an hourly rate of $275 for a total of $3,630 in attorney's fees.

### 3. Fees Associated with the Motion for Fees

Defendants also seek fees for time expended in bringing the sanctions motions. See

Invoices attached as Exhibit D. The Court is permitted to award Defendants for the fees incurred

in making its sanctions motion. See, e.g., Enmon v. Prospect Capital Corp., 675 F.3d 138, 148

---

[5] Defendants' invoice requests 5.3 hours for this conference, yet the Court records and minute entries reflect that the conference took place for two hours. The Court considers that perhaps part of these hours are for her travel time, but Defendants' attorney did not provide any information regarding the breakdown of this time. Thus, the Court will only award attorneys' fees for the time spent in the conference and one-hour of travel at full fee.

(2d Cir. 2012) (upholding district court's decision to award entire fees connected with a party's sanctions motion, even though the motion was granted in part and denied in part); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (awarding fees incurred in making a Rule 37 sanctions motion); Creative Res. Grp. of New Jersey, 212 F.R.D. at 104 ("the court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions"); Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) (awarding attorneys' fees for time spent preparing motion for sanctions where party failed to attend a deposition).

Defendants request a total of 12.8 hours for attorney Karen Saab-Dominguez's work on the sanctions motion. Although the Court agrees that fees should be granted for this type of work as a reasonable foreseeable consequence of Plaintiff's attorney's behavior in this action, it finds the amount requested excessive, as the motion was only partially successful and much of the time was spent researching the law for bringing sanctions under Rule 11, Rule 26(g) and Section 1927. Rather than Rule 37, as discussed above, these rules and laws were not relevant to the discovery disputes that were at the center of this motion. Defendants also spent an excessive amount of time researching and writing what are essentially three-page submissions. Therefore, the Court finds a 50% reduction of the hours requested appropriate; and it will award Defendants $1,760 for 6.4 hours of attorney Karen Saab-Dominguez's time.

**III.** **Conclusion**

For the foregoing reasons, Defendants' motions for sanctions are granted in part and denied in part, and Defendants are awarded $5,390 in attorneys' fees. Plaintiff's counsel Sacco must pay this amount to Defendants' counsel's firm within fifteen (15) days of the date of this Order and file a letter on the docket confirming such payment.

Dated:  Brooklyn, New York
           March 25, 2016

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge